UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Brett Dugan,

          Plaintiff,       7:24-cv-01914-VR

    -against-          **ORDER**

Soleil Toujours LLC, Valerie McMurray,

         Defendants.
------------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

### Background

Before the Court is defendants' letter motion (ECF No. 71) seeking an extension of time to serve their expert disclosures. Defendants explain that a recent substitution of counsel delayed service of their expert disclosures. Plaintiff objects to the requested extension, arguing that retention of new counsel does not justify defendants' failure to comply with the discovery schedule. (ECF No. 74). For the reasons below, the Court GRANTS defendants' extension request, and modifies the parties' remaining deadlines so as to minimize any prejudice to plaintiff.

### Discussion

Under Fed. R. Civ. P. 16(b)(4), deadlines in a scheduling order "may be modified only for good cause and with the judge's consent." Generally, "a finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal quotation marks and

1

citation omitted); *see also Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024) ("Whether good cause exists turns on the diligence of the moving party.") (internal quotation marks and citation omitted).

In addition, Rule 37(c)(1) provides that failure to timely disclose expert testimony requires exclusion "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he factors that courts consider in connection with Rule 37 are instructive in analyzing whether good cause exists" to modify a scheduling order. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2025 WL 1802952, at *3 (S.D.N.Y. June 30, 2025). These factors include "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

First, the Court finds that the recent substitution of counsel substantially justifies defendants' failure to comply with the discovery schedule. On August 27, 2025, defendants' prior counsel explained that they retained an expert and requested an extension of expert discovery deadlines, including the expert disclosure deadline to October 2, 2025, which the Court granted. (ECF No. 54). But between August 27, 2025, and October 2, 2025, an irreconcilable breakdown in the relationship between defendants and their previous counsel arose, and

2

issues with finding new counsel and paying the expert's fees delayed the expert report. (ECF No. 71). On October 16, 2025, defendants' prior counsel informed the Court that defendants have retained new counsel (ECF No. 67), who filed a notice of appearance on October 20, 2025. (ECF No. 70). On October 31, 2025, new defense counsel filed the letter motion here raising the issue of serving a late expert disclosure. (ECF No. 71). Defense counsel has thus demonstrated diligence in bringing this dispute to the Court's attention in a relatively short period of time.

Second, although plaintiff minimizes the importance of expert testimony in this case (ECF No. 74), defense counsel states that the proposed expert testimony on the issue of asset misappropriation "goes to the heart" of defendants' defense and counterclaims of misappropriation of company funds (ECF No. 71), weighing in favor of granting defendants' late disclosure.

The third factor, prejudice, cuts modestly in plaintiff's favor, as defendants' request would further delay expert discovery, currently due to close on December 1, 2025. Plaintiff argues that he has faced difficulty finding steady work due to the cloud on his reputation from defendants' embezzlement counterclaims, and that further delay would exacerbate these harms. (ECF No. 74). But defendants seek only a modest extension of five weeks. (ECF No. 71). And a delay of a few months in the schedule would not substantially change whatever reputational harms plaintiff has already suffered. The real prejudice here seems to be the timing of expert discovery for plaintiff's counsel. He

3

explains that the timing of the extension request would impose a substantial burden on his schedule, which includes fourteen depositions in another case in the upcoming months. (ECF No. 74). As a result, if the Court were inclined to grant defendants' request, a much longer extension would need to be provided to plaintiff to alleviate this prejudice.

Finally, the possibility of a continuance weighs in favor of granting defendants' request for a five-week extension of their expert disclosure deadline. Even if the Court extends the schedule by a few months to allow more time for plaintiff's counsel to serve a rebuttal report and complete expert depositions, the delay would be a relatively small one. This is particularly true given that the Court has set no deadlines beyond the completion of expert discovery. Since the case was commenced in March 2024, the parties have made eight prior requests for an extension of discovery deadlines, half of which were joint requests. (*See* ECF Nos. 27, 32, 40, 49).

The cases cited by plaintiff in opposition to defendants' request are inapplicable, as they generally involve more extreme cases of delay. *See, e.g., Colon v. New York City Hous. Auth.*, No. 16-CV-4540(VSB), 2024 WL 659938 (S.D.N.Y. Feb. 16, 2024) (denying leave to serve a late expert disclosure where counsel significantly delayed seeking leave until the eve of trial); *Millenium Expressions, Inc. v. Chauss Mktg., Ltd.*, No. 02CIV.7545(RMB)(JCF), 2006 WL 288353 (S.D.N.Y. Feb. 6, 2006) (precluding expert report that was served after the close of discovery).

## Conclusion

Thus, the Court finds that defendants' failure to comply with the expert disclosure deadline was substantially justified and defendants have established good cause for the extension request. Defendants' request for an extension of time to serve their expert disclosures to November 17, 2025, is GRANTED. To minimize the prejudice to plaintiff due to his counsel's scheduling constraints, the Court also GRANTS plaintiff's requests for an extension of time to serve rebuttal expert disclosures to February 16, 2026, and to conduct expert depositions to March 16, 2026. No further extensions will be allowed.

The Clerk of Court is kindly requested to close out the gavel on ECF No. 71.

**SO ORDERED.**

DATED:   White Plains, New York
         11/13/2025

*[signature]*

VICTORIA REZNIK
United States Magistrate Judge